LARRY G. SMITH, Judge.
The employer-carrier appeal those portions of a Deputy Commissioner’s order (1) awarding temporary total disability from the date of the accident to the date of the hearing and “continuing until claimant shall reach maximum medical improvement *241 from a psychiatric standpoint,” and (2) ordering the employer-carrier to furnish claimant psychiatric evaluation and/or treatment by Dr. John R. Stiefel, who was not the claimant’s regular treating psychiatrist. We agree with the employer-carrier’s contention that the order continuing temporary total disability benefits in the future was in error, because the claimant had reached psychiatric maximum medical improvement. We further agree that the order changing doctors was erroneous on the present state of the record. We reverse and remand.
Following a compensable accident, the claimant was treated by Dr. Gary Han-kins, a psychiatrist, who diagnosed a condition of hypochondriacal neurosis, a condition that is dominated by preoccupation with the body and fear of presumed disease of various organs. It was his opinion that claimant’s industrial injury aggravated his preexisting psychiatric condition. It is clear from Dr. Hankins’ testimony that the claimant has reached maximum medical psychiatric improvement, contrary to the order of the Deputy Commissioner. In Dr. Hankins’ words, the prognosis for any significant improvement in the claimant’s condition was “as close to zero as you can get.” The Deputy Commissioner therefore erred in failing to find psychiatric maximum medical improvement, and his order continuing temporary total disability benefits in the future was therefore erroneous. We note also that a compensation order containing a similar decretal provision was reversed in Doty Exterminating Company v. Jones, 9 F.C.R. 31, IRC Order 2-2617 (December 6, 1974), because such an order makes the unwarranted assumption that a claimant will not achieve any partial earning capacity before he reaches maximum medical improvement.
As for that portion of the order providing for evaluation and treatment by Dr. Stiefel, we find that order to be improper because there is absent from the record any request for treatment by Dr. Stiefel, and under Section 440.13(1), Florida Statutes, the employer-carrier should be given the opportunity to furnish their own qualified physician, rather than be required to pay for treatment by a doctor neither party requested. However, our ruling does not foreclose a request by either party, for good cause shown, for evaluation or treatment by Dr. Stiefel or any other particular physician.
Those portions of the order appealed are reversed and the cause is remanded for further proceedings consistent with this opinion.
McCORD and WENTWORTH, JJ., concur.